UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

STEVEN MATZA,

    Plaintiff,

v.

COUNTRYWIDE HOME LOANS, INC., et al.,

    Defendants.

2:09-CV-217 JCM (CWH)

**ORDER**

Presently before the court is defendants Countrywide Home Loans, Inc., et. al.'s motion to dismiss and expunge *lis pendens*. (Doc. #29). Plaintiff Steven Matza failed to file an opposition.

The property at issue in this case is located at 9948 Central Valley Ave., Las Vegas, Nevada. (Doc. #1). Plaintiff originally filed this case on February 3, 2009. (Doc. #1). The court dismissed the complaint on April 28, 2009. (Doc. #17). Plaintiff appealed the court's order to the Ninth Circuit. (Doc. #19).

On June 21, 2011, the Ninth Circuit reversed and remanded. (Doc. #24). The Ninth Circuit held that the court erroneously dismissed plaintiff's TILA claim on timeliness grounds. (Doc. #24). The Ninth Circuit further found that the court abused its discretion by dismissing the complaint without granting leave to amend. (Doc. #24). Thus, the Ninth Circuit instructed this court, on remand, to "give Matza an opportunity to amend the complaint, including an opportunity to state an alternative theory for recovery." (Doc. #24, internal citations and quotations omitted).

**James C. Mahan**
**U.S. District Judge**

1    It has been six months since the Ninth Circuit issued its decision. Plaintiff still has not filed an amended complaint. Defendants now move to dismiss the complaint for failure to state a claim upon which relief can be granted. (Doc. #29). Defendants further assert that plaintiff's TILA claim can be dismissed for reasons other than timeliness. (Doc. #29).

Pursuant to Nevada Local Rule 7-2(d), "the failure of an opposing party to file points and authorities in response to any motion shall constitute a consent to the granting of the motion." However, the court will not automatically grant every unopposed motion. In *Ghazali v. Moran*, 46 F.3d 52, 53 (9th Cir. 1995), the Ninth Circuit held that the court had to weigh the following factors before dismissing the action: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases of their merits; and (5) the availability of less drastic sanctions.

In light of both plaintiff's six-month delay in filing an amended complaint and plaintiff's failure to oppose defendant's motion to dismiss and expunge *lis pendens*, the court finds that the *Ghazali* factors weigh in favor of dismissing the action. *Ghazali*, 46 F.3d at 53; *see also* LR 7-2(d).

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that defendants Countrywide Home Loans, Inc., et. al.'s motion to dismiss and expunge *lis pendens* (doc. #29) be, and the same hereby is, GRANTED.

DATED this 14th day of December, 2011.

_____
UNITED STATES DISTRICT JUDGE

**James C. Mahan**
**U.S. District Judge**

- 2 -