1
2
3
4
5                          **UNITED STATES DISTRICT COURT**
6                                  **DISTRICT OF NEVADA**
7    STEVEN MATZA,                                    2:09-CV-217 JCM (CWH)
8             Plaintiff,
9    v.
10
11   COUNTRYWIDE HOME LOANS,
     INC., et al.,
12
              Defendants.
13
14                                          **ORDER**

15    Presently before the court is defendants Countrywide Home Loans, Inc., et. al.'s motion to

16   dismiss and expunge *lis pendens*. (Doc. #29). *Pro se* plaintiff Steven Matza filed an opposition.

17   (Doc. #37). Defendants then filed a reply. (Doc. #38).

18    The property at issue in this case is located at 9948 Central Valley Ave., Las Vegas, Nevada.

19   (Doc. #1). Plaintiff originally filed this case on February 3, 2009. (Doc. #1). The court dismissed

20   the complaint on April 28, 2009. (Doc. #17). Plaintiff appealed the court's order to the Ninth

21   Circuit. (Doc. #19).

22    On June 21, 2011, the Ninth Circuit reversed and remanded. (Doc. #24). The Ninth Circuit

23   held that the court erroneously dismissed plaintiff's TILA claim on timeliness grounds. (Doc. #24).

24   The Ninth Circuit further found that the court abused its discretion by dismissing the complaint

25   without granting leave to amend. (Doc. #24). Thus, the Ninth Circuit instructed this court, on

26   remand, to "give Matza an opportunity to amend the complaint, including an opportunity to state an

27   alternative theory for recovery." (Doc. #24, internal citations and quotations omitted).

28

**James C. Mahan**
**U.S. District Judge**

1  It has been eight months since the Ninth Circuit issued its decision. Plaintiff still has not filed an amended complaint. Defendants now move to dismiss the complaint for failure to state a claim upon which relief can be granted. (Doc. #29). Defendants further assert that plaintiff's TILA claim can be dismissed for reasons other than timeliness. (Doc. #29).

In his response, plaintiff asserts that he was waiting for the court "to inform him how, when and within what time to file an amended complaint." (Doc. #37). Plaintiff further asks the court to allow him to file an amended complaint in the interests of fairness and justice.

The Ninth Circuit's order clearly instructed this court to give plaintiff an opportunity to amend his complaint. (Doc. #24). Therefore, the court finds that it would be inappropriate to dismiss this case without permitting plaintiff to file a motion for leave to amend. Although defendants assert that any amendment would be futile, this argument is best addressed in a fully briefed motion for leave to amend.

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that defendants Countrywide Home Loans, Inc., et. al.'s motion to dismiss and expunge *lis pendens* (doc. #29) be, and the same hereby is, DENIED without prejudice.

IT IS FURTHER ORDERED that plaintiff Steven Matza file a motion for leave to amend within 14 days of entry of this order. Failure to file a motion for leave to amend may result in sanctions, including dismissal of the above-captioned case.

DATED this 14th day of February, 2012.

_James C. Mahan_
UNITED STATES DISTRICT JUDGE

**James C. Mahan**
**U.S. District Judge**

- 2 -