**STEVEN MATZA**
9948 Central Valley Ave.
Las Vegas, NV 89149
(702) 480-5486
In Proper Person

# UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEVADA

STEVEN MATZA, an individual )
)
  Plaintiff, )
) Case No.: 2:09-cv-00217-
vs. ) JMC-CWH
)
)
COUNTRYWIDE HOME LOANS, INC., a Delaware )
Corporation, MORTGAGE ELECTRONIC ) Jury Trial Requested
REGISTRATION SYSTEMS, INC., a Delaware )
Corporation, RECONTRUST COMPANY, a Nevada )
Corporation and DOES I THROUGH X inclusive; )
and ROE CORPORATION XX through XXX. )
Inclusive, )
)
) Judge:
  Defendants. ) Hon. James C. Mahan
)

## PLAINTIFF'S FIRST AMENDED COMPLAINT

COMES NOW, Plaintiff STEVEN MATZA ("MATZA"), and for his cause of action against Defendants, and each of them, allege as follows:

### JURISDICTION AND PARTIES

1. This Court has jurisdiction over the parties pursuant to 28 U.S.C. §1331 and §1332(a) (1).

2. This Court has jurisdiction pursuant to 15 U.S.C. §1641(f) (2) Section 1641(f) of TILA.

3. Supplemental jurisdiction is proper of the State Law claims set forth herein under 28 U.S.C. §1367(a).

4. Venue is proper pursuant to 28 U.S.C. §1391(a).

5. At all times relevant hereto, Plaintiff MATZA was a resident of Clark County, Nevada.

6. At all times relevant hereto, Defendant COUNTRYWIDE HOME LOAN, INC., ("Countrywide) was a Delaware Corporation duly licensed to do business in the State of Nevada.

7. At all times relevant hereto, Defendant MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC., ("MERS") is a Delaware corporation NOT licensed to do business in the State of Nevada.

8. At all times relevant hereto, Defendant RECONTRUST COMPANY, ("Recontrust") is a Nevada domestic corporation licensed to do business in the State of Nevada.

9. The true names of defendants DOES I through X, inclusive, and ROE CORPORATIONS XX through XXX, inclusive, whether individual, corporate, associate or otherwise are unknown to Plaintiff, who therefore sues such Defendants by fictitious names. Plaintiff is informed and thereupon alleges that each of the Defendants designated herein as a DOE and ROE CORPORATION are in some way responsible for the damages claimed by Plaintiff herein. Plaintiff will ask leave of this Court to amend this Complaint to insert the true names and capacities of Defendants DOES I through X, inclusive, and ROE CORPORATIONS XX through XXX, inclusive, when the identities have been ascertained, to formulate appropriate allegations and to join such Defendants in this action.

10. Upon information and belief, at all times relevant hereto, each of the Defendants set forth herein were the principal, agent, employee, employer or co-conspirator of each other, and at all relevant times were acting within the course and scope of such relationship.

## Statement of Facts

11.     That Plaintiff is a Borrower on a Adjustable Rate Note through Republic Mortgage, LLC, secured by a Deed of Trust, for the property located at 9948 Central Valley Ave., Las Vegas, NV 89149, APN# 12518211045 ("Property") Defendants have initiated Foreclosure proceedings against Plaintiff.

12.     That upon information and belief, Plaintiff is not aware of the True Holder and/or Owner of the Note and Deed of Trust for said Property.

13.     That notwithstanding the same, Plaintiff has been mailing his payments to Countrywide in Dallas, TX.

14.     That on June 19, 2008 and August 9, 2008, Plaintiff, unsuccessfully, requested in writing from Countrywide (Exhibit 1) to be provided with the name and address of the true and real owner of his mortgage loan as required by law pursuant to TILA 1641(f)(2)

15.     Countrywide never responded to Plaintiff's requests.

16.     Due to Countrywide's failure to provide Plaintiff with the requested documentation, to which he is entitled by law, Plaintiff now face foreclosure by entities, who may not be authorized to foreclose by the true owner and holder of Plaintiff's Note and/or Mortgage at issue here.

## ISSUES OF THIS LAWSUIT

17.     **Failure to Comply with TILA:**

That on June 19, 2008 and August 9, 2008, Plaintiff, unsuccessfully, requested in writing from Countrywide (Exhibit 1 in original Complaint) to be provided with the name and address of the true and real owner of his mortgage loan as required by law pursuant to TILA 1641(f)(2); which provides in part:

"...Upon written request by the obligor, the servicer shall provide the obligor, to the best knowledge of the servicer, with the name, address, and telephone number of the owner of the obligation or the master servicer of the obligation."

That is a *sufficient* fact such that the complaint as a whole makes a "showing" of entitlement to relief. See *Bell Atlantic Corp. v. Twombly*, 2007 WL 141046 (U.S., May 21, 2007). for the proposition that the complaint need only "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests."

18. Plaintiff's pleadings are sufficient under the circumstances because Countrywide never responded to his requests for the information that would have clarified its status as a lender.

19. Plaintiff states a plausible claim for relief and provides Countrywide adequate notice of the factual basis of his claims.

20. TILA contains two express private rights of action under which Plaintiff can recover damages for violations of § 1641(f)(2): one provision for a civil action against the original owner of a loan, 15 U.S.C. § 1640(a), and one provision for a civil action against assignees of a loan, which can include servicers, 15 U.S.C. § 1641(a). Plaintiff has properly pleaded that Countrywide is the original owner of his loan because it acquired his loan four days before he even signed his promissory note.

21. Plaintiff has adequately pled a violation of 15 U.S.C. § 1641(f)(2) for which he may legally recover damages. Courts have ruled that an implied private right of action is apparent in the text, structure, legislative history, and purpose of the statute. While the May 2009 amendment to TILA does not apply retroactively, it does clarify that there has always been a private right of action to enforce §1641(f)(2).

/ / /

22. **Breach of the implied covenant of good faith and fair dealing**

Nevada recognizes an implied obligation of good faith and fair dealing which requires that each party to a contract refrain from engaging in behavior "that will destroy or injure the right of another party to receive the fruits of [that] contract." Any legal rights or obligations arising from the mortgage agreement are governed by Nevada law under the terms of the deed of trust. Nevada law also applies under the principles set out in *Erie R.R. Co. v. Tompkins,* 304 U.S. 64 (1938). *Weingartner v. Chase Home Fin., LLC,* 702 F. Supp. 2d 1276, 1288 (D. Nev. 2010); *see also A.C. Shaw Constr. v. Washoe Cnty.,* 784 P.2d 9, 10 (Nev. 1989).

23. In certain circumstances, a plaintiff in Nevada may even recover tort damages for a Defendant's breach of the implied obligation of good faith and fair dealing. (describing the covenant of good faith and fair dealing as a "contort" because of its hybrid contract-tort nature). *Hilton Hotels,* 808 P.2d at 922-24

24. A borrower may protect his rights under a mortgage agreement through the exercise of some statutory right, as in *Berilo* or *Meyer,* or by attempting to negotiate a new payment schedule. Countrywide did not have the right to interfere with Plaintiff's attempts to renegotiate the terms of his mortgage, and by refusing to provide him with the loan owner's contact information upon his request; it breached its implied obligation to act in good faith.

25. Plaintiff has adequately pled Countrywide's breach of its implied obligation of good faith and fair dealing under the liberal pleading standard applied by the 9th Circuit Court to pro se complaints in *King* and *Hebbe.* He further states that as a result of Defendants failure to act in good faith and give proper disclosures the agreement between the parties has been breached and Plaintiff has suffered damages. Plaintiff also request that the court award punitive damages in an amount

to be determined at the time of trial. Plaintiff's Complaint is sufficiently detailed to put Countrywide on notice that he is seeking full recovery under Nevada contract and tort law for his breach of good faith claim.

26. In addition to his contract claim, Plaintiff alleges substantial tort liability for Countrywide's obstructive conduct. The implied obligation of good faith and fair dealing arises out of a contract and is breached when one party undermines the other's right "to receive the fruits of the contract." *Weingartner*, 702 F. Supp. 2d at 1288.

27. In order to recover in tort for breach of an implied obligation of good faith and fair dealing in Nevada, the victim and the tortfeasor must have a special relationship. *Ins. Co. of the W. v. Gibson Tile Co.*, 134 P.3d 698, 702 (Nev. 2006).

28. As loan servicer and prior owner of his mortgage, Countrywide was the sole point of contact between Plaintiff and the true owners of his mortgage; he was completely reliant on Countrywide for any information about those owners.

29. Therefore, although the Nevada Supreme Court has not had occasion to decide under what circumstances the lender-creditor relationship could constitute a special relationship, there is ample authority under that court's precedent to find that Countrywide and Plaintiff had such a relationship. *See Yerington Ford, Inc. v. Gen. Motors Acceptance Corp.*, 359 F. Supp. 2d 1075, 1089 (D. Nev. 2004), *rev'd on other grounds by Giles v. General Motors Acceptance Corp.*, 494 F.3d 865 (9th Cir. 2007).

30. **Wrongful Foreclosure**

As is the case in this action; possible defect in foreclosure remains when a note has been negotiated, and there is no evidence that the foreclosing trustee is the nominee of the <u>current holder</u> or that the foreclosing trustee was substituted by a

nominee of the <u>current holder.</u> *Weingartner vs. Chase Home Finance.* (Cite as: 2010 WL 1006708 (D.Nev.))

31. To allow a party to foreclose without first proving that they are the proper holder of the secured instrument at issue, would undermine the principles of bearer paper. As set forth herein, absent proving standing, the Defendant's action to enforce the security instrument at issue through the Nevada foreclosure process, fails as a matter of law.

32. This is simple Contract law. Plaintiff signed a Note and Deed of Trust with Republic Mortgage, which was never properly transferred/assigned to Countrywide, by a reconveyance and/or assignment with the Clark County Recorder. The only legal entity, in accordance with the "chain of title", to legally initiate foreclosure proceedings is Republic Mortgage.

33. If any of the entities filing foreclosure proceedings own Plaintiff's Note/Deed of Trust are legally entitled to Foreclose; the law require that they produce documents to prove it, if requested to do so by the borrower under 15 USC §1641(f)(2), Section §1641(f) of TILA and under N.R.S. 104.3301. If this foreclosure is allowed to proceed, without proper documentation as proof, Plaintiff could lose his home and property, and still be liable to pay off the balance of his mortgage when the true owner presents same for payment.

34. The documents produced by Defendants, so far, do not support any factual finding to the contrary, as an assignment of the security deed is not indicative of who holds the note, and the promissory Note has not been produced.

35. The Supreme Judicial Court (SJC), in *Commonwealth v Ibanez*, recently upheld Massachusetts law and stated that "only the present holder of a mortgage is authorized to foreclose on the mortgaged property." The complaint alleges that these

entities ignored this fundamental legal mandate and proceeded to foreclosure even though they did not hold the mortgage, and thus had no legal authority to conduct the foreclosure.

36. **Fraudulent Misrepresentation and Conspiracy**

Plaintiff alleges that Defendants created fraudulent assignment from Republic, the original "lender", who never transferred anything to Countrywide on the CC Recorders records.

From Recorders office (Exhibit 1):

    a. Trust Deed - Republic Mortgage; 6/6/2005

    b. Trust Deed – Republic Mortgage; 10/12/05

    c. Trust Deed - Republic Mortgage; 1/13/06

    d. Default    - Recontrust Co. & MERS; **8/1/08**

d. Please note that in the Notice of Default and Election to sell under Deed of Trust, dated 8/1/2008, the Notice fail to list the owner of the mortgage as mandated under NRS 107.086.

The Notice is executed by Recontrust Company, as agent for Beneficiary and **Gary Trafford**, By Lender Processing Service, as agent. (Exhibit 1). Recontrust is located in **Texas**, Gary Trafford, an employee of Lender Processing Services, lives in **California**, the Notary was done by Tracy Lawrence, a Notary Public in the State of **Nevada**.

[The Office of the Nevada Attorney General announced today that the Clark County grand jury has returned a 606 count indictment against two title officers, **Gary Trafford** and Gerri Sheppard, who directed and supervised a robo-signing scheme which resulted in the filing of tens of thousands of fraudulent documents with the Clark County Recorder's Office between 2005 and 2008. According to the indictment, defendant Gary Trafford, a California resident, is charged with 102 counts of offering false instruments for recording (category C felony); false certification on certain instruments (category D felony); and notarization of the signature of a person not in the presence of a notary public (a gross misdemeanor)]. [Nevada Attorney General Catherine Cortez Masto sued <u>Lender Processing Services</u>

Inc. (LPS), alleging the company falsified foreclosure documents and demanded kickbacks for referrals. The case is State of Nevada v. Lender Processing Services Inc., A-11-653289-B, District Court, Clark County, Nevada (Las Vegas).]

   e. **Substitution of Trustee** – From MERS to Recontrust Co.; **8/5/08**

e. Please Note that in the Substitution of Trustee, MERS list itself as the beneficiary under the DOT; the document is executed by Angela Nava, as assistant secretary of MERS. Nava is employed by Recontrust with an address of Richardson, Texas. (Exhibit 2)

  If Angela Nava was employed by MERS, whose address is in Flint, Michigan, how could the Notary, Karla Cuesta state that Angela personally appeared before her in Dallas County, Texas?

   f. **Notice of Trustee Sale by Recontrust 11/5/2008**

37. Please note that Countrywide does not appear anywhere even though Plaintiff's Mortgage was sold by Republic Mortgage to Countrywide 6/2/05 with an effective date of 8/1/05; **4 days before the documents were even signed by Plaintiff.**

**38. Plaintiff filed this lawsuit 2/3/2009 and subsequently on:**

**2/11/2009** MERS did a Corporate Assignment of Deed of Trust to Countrywide – **4 years after** the loan was bought by Countrywide.

**2/11/2009** Countrywide did a Corporate Assignment of Deed of Trust to Federal National Mortgage Association and

**2/11/2009** Recontrust issued a **Trustee's Deed upon Sale**, to Federal National Mortgage Association. NOTE: The Deed was executed by Recontrust Company, Successor Trustee –Jill Arnold signed the Trustee's Deed upon Sale as assistant secretary of Recontrust.

  Jill Arnold happens to be an employee of BAC Home Loans Servicing, who's principal place of business is in Texas. (Exhibit 3)

  The notarization of false information and personal identification not only constitutes fraud, but is every bit intended as part of a larger conspiracy to commit fraud on the Court.

39. **Plaintiff NEVER received a Notice of Trustee Sale in 2009; mandatory under NRS 107.80 or a Notification of sale or transfer of Mortgage; mandatory under 15 U.S.C 1641-section 404. Defendants never advised Plaintiff of any subsequent transfer or endorsement of the original note as required by "material disclosure" of the Truth In Lending Act.**

40. Once the document is recorded, it is entitled to a "presumption of validity". However, as Plaintiff has clearly shown, even presuming MERS had authority to assign and transfer; the documentation is still fraudulent based on un-authorized fraudulent signatures.

41. Nevada law states that it is a gross misdemeanor to maliciously or fraudulently claim, sign or record a document purporting to transfer, encumber or cloud title to real property. (Exh. 4; NV Statutes NRS 205.090 and 205.095)

42. **The legal deficiency in these documents are compounded by an apparent erroneous idea that merely by declaring Recontrust employees "assistant secretary" or "certified officer" of MERS, it is no longer fraud.**

43. **Plaintiff respectfully asks this Court to find any assignment, transfer or sale done by these Defendants, that was executed in accordance with Federal Law, Nevada Law and the Foreclosure Statutes.**

**FIRST CAUSE OF ACTION**
(Failure to comply with TILA, 15 U.S.C. §1640 et sec. §1641, et sec.
As to Defendant Countrywide.)

44. Plaintiff repeats and re-alleges every allegation contained in the preceding Paragraphs of the Complaint and incorporates same by reference as if fully set forth herein.

45. Lenders and other entities involved in the consumer lending business, such as **servicers**, assignees, and other junior loan owners, are held to strict liability

standards under TILA. *See* 15 U.S.C. §§ 1640(a), 1641(a). In addition to enabling government regulation of consumer credit, TILA also expressly provides consumers with private causes of action for violations of its provisions. §§ 1640(a), 1641(a). Consumers must assert any cause of action within one year of the TILA violation. §§ 1640(a), (e). Plaintiff's written requests for information were dated June 19, 2008 and August 9, 2008. His Complaint was filed February 3, 2009, well within the one year statute of limitation.

46. These pleadings are sufficient under the circumstances because Countrywide never responded to Plaintiff's requests for the information. This complaint states a plausible claim for relief and provides Countrywide adequate notice of the factual basis of his claims.

47. While the May 2009 amendment to TILA does not apply retroactively, it does clarify that there has always been a private right of action to enforce §1641(f)(2). Section 1641(f)(2) is mandatory and Congress intended the provision to benefit borrowers such as Plaintiff who seek to ascertain the identity of the owner of their loans, communicate with their lenders as needed, and potentially renegotiate the terms of their loans when a change of financial circumstance makes default appear imminent.

Moreover, there is ample evidence in the legislative history to demonstrate that Congress intended to create a private right of action to enforce § 1641(f)(2).

48. Statutory damages are available for violations of any requirement set out in these nineteen sections, and since § 1641(f)(2) falls within the enumerated sections, there is an express private right of action. *See id.*; *In re Meyer*, 379 B.R. 529, 554 & n.15 (Bankr. E.D. Pa. 2007).

49. As a direct and proximate result of Defendants' conducts herein alleged, Plaintiff has suffered damages of an amount in excess of $10,000.00 the exact amount to be proven during the trial.

**SECOND CAUSE OF ACTION**
(Breach of the implied covenant of good faith
and fair dealing, as to Defendant Countrywide)

50. Plaintiff repeats and re-alleges every allegation contained in the preceding Paragraphs of the Complaint and incorporates same by reference as if fully set forth herein.

51. Plaintiff has adequately pled a claim that Countrywide tortuously breached its implied obligation of good faith and fair dealing under the mortgage agreement.

52. Nevada recognizes an implied obligation of good faith and fair dealing which requires that each party to a contract refrain from engaging in behavior "that will destroy or injure the right of another party to receive the fruits of [that] contract." Any legal rights or obligations arising from the mortgage agreement are governed by Nevada law under the terms of the deed of trust. Nevada law also applies under the principles set out in *Erie R.R. Co. v. Tompkins*, 304 U.S. 64 (1938). *Weingartner v. Chase Home Fin., LLC*, 702 F. Supp. 2d 1276, 1288 (D. Nev. 2010); *see also A.C. Shaw Constr. v. Washoe Cnty.*, 784 P.2d 9, 10 (Nev. 1989).

53. Even if a defendant has not breached the literal terms of the contract, a plaintiff may recover damages for breach of the implied obligation of good faith and fair dealing when the defendant "performs a contract in a manner that is unfaithful to the purpose of [that] contract and the justified expectations of the other party." *Hilton Hotels*, 808 P.2d at 922-24. In certain circumstances, a plaintiff in Nevada

may even recover tort damages for a defendant's breach of the implied obligation of good faith and fair dealing. *Id.* at 923 (describing the covenant of good faith and fair dealing as a "contort" because of its hybrid contract-tort nature).

54. As a further proximate result of Defendant's' intentional misrepresentations Plaintiff has suffered damages in an amount to be proven at trial.

**THIRD CAUSE OF ACTION**
(Fraudulent Misrepresentation and Conspiracy,
as to Defendants MERS and Recontrust)

55. Plaintiff' repeats and re-alleges every allegation contained in the preceding Paragraphs of the Complaint and incorporates same by reference as if fully set forth herein.

56. Plaintiff has pled the fraudulent acts of Defendants based on the information available to Plaintiff, however, pursuant to the Nevada Supreme Court's decision in Rocker v. KPMG LLP, 112 Nev. Adv. Rep. 106, 148 P.3d 703 (2006), a relaxed standard of pleading fraud is appropriate in this case because the information to identify more specifically additional fraudulent conduct among Defendants and their agents; at this time, Plaintiff does not have access to the internal documents and relationships between the various Defendants; once the documents and information are available to disclose the relationships and communications by and between the Defendants to and about Plaintiff, this claim will be supplemented with additional specific averments, if the court allows.

57. As a direct and proximate result of the Defendants fraudulent conducts alleged herein, Plaintiff has been damaged, the exact amount to be proven during trial. As a direct and proximate result of Defendants alleged fraudulent conducts in conscious disregard of good business practices and duties of professional conduct,

defendants should be punished in an amount to be established during trial; accordingly Plaintiff seeks exemplary or punitive damages against Defendants.

**FOURTH CAUSE OF ACTION**
(Negligence Per Se Against All Defendants)

58. Plaintiff repeats and re-alleges every allegation contained in the preceding Paragraphs of the Complaint and incorporates same by reference as if fully set forth herein.

59. At the time the loan transaction occurred, Defendants and/or their agents were subject to the relevant provisions of Real Estate Settlement Procedures Act (RESPA) and Truth In Lending Act (TILA), including 12 U.S.C sec. 2601, et seq., and 15 U.S.C sec. 1601, et seq.

60. Plaintiff is a member of the class of citizens for whose benefits the above cited Statutes and Codes were enacted and for whose protection the Statutes and Codes were designed to provide.

61. Defendants and/or their agents acting in concert and for common purpose violated RESPA by transferring the servicing rights without giving notice to Plaintiff; loan borrower.

62. Plaintiff alleges that the original Note was, without notice, transferred in part or as a whole by Defendants to strangers of such characters as to render them "Servicer" within the definition of 26 U.S.C. § 2605. Plaintiff does not know who the owner presently is and upon request Defendant, Countrywide has refused to disclose the identity of the note holder.

As a direct and proximate result of Defendants' conducts herein alleged, Plaintiff has suffered damages of an amount in excess of $10,000.00 the exact amount to be proven during the trial.

### FIFTH CAUSE OF ACTION
(Wrongful Foreclosure Against All Defendants)

63. Plaintiff repeats and re-alleges every allegation contained in the preceding Paragraphs of the Complaint and incorporates same by reference as if fully set forth herein.

64. Plaintiff believes that the representations as stated on the Notice of Default were false representations as no documents were provided to show that Defendants were the note holders entitled to receive payments.

65. Plaintiff believes that the representations as stated on the Notice of Trustee Sale were false.

66. Defendants, generated documents purporting that a foreclosure sale took place when in fact Plaintiff has been unable to verify that a valid foreclosure sale was carried out on the date, at time and place recited in the notice.

67. Pursuant to NRS 107.080, the Nevada Legislature recognized damages for failure to comply with NRS 107.080 as creating a claim damages in the amount of $5,000 or treble actual damages.

68. This remedy is in addition to other remedies at law.

69. As a direct and proximate result of the wrongful foreclosure carried out by Defendants as alleged, Plaintiff has suffered damages of an amount in excess of $10,000.00 the exact amount to be proven during the trial.

### SIXTH CAUSE OF ACTION
(Quiet Title Against All Defendants)

70. Plaintiff repeats and re-alleges every allegation contained in the preceding Paragraphs of the Complaint and incorporates same by reference as if fully set forth herein.

71. Plaintiff is the rightful owner of the subject property located at 9948 Central Valley Ave, Las Vegas, Nevada acquired by grant or deed of sale, and holds the same in his name.

72. Defendants, have sold all or portions of the loan to unknown entities who now possess rights thereunder, therefore, Defendants no longer possess all the encumbrances for which to exercise the right of foreclosure.

73. Federal National Mortgage Association may claim an interest in the subject property acquired through a wrongful foreclosure sale and the doctrine of caveat emptor (buyer beware) requires that Federal National Mortgage Association bears the loss arising from such invalid title.

74. The purported foreclosure was wrongful as thoroughly detailed above and because Plaintiff never received legal or proper notice of said sale as required under Nevada Foreclosure Law.

75. As a direct and proximate result of Defendants' conducts herein alleged, Plaintiff has suffered damages of an amount in excess of $10,000.00 the exact amount to be proven during the trial.

Plaintiff re-alleges and incorporates by reference each of the allegations contained in his original Complaint filed February 3, 2009.

**WHEREOF** Plaintiff prays for the following relief:

1. On the first cause of action, for an award of damages in an amount greater than $10,000.00;
2. On the second cause of action, for an award of damages to be proven at trial;
3. On the third cause of action, for an award of damages to be proven at trial and exemplary or punitive damages;
4. On the fourth cause of action, for an award of damages in an amount greater than $10,000.00;

5. On the fifth cause of action, for an order setting aside the foreclosure sale;

6. On the sixth cause of action, for an order quieting title in Plaintiff's name;

7. On all causes of action, for an award of reasonable fees and costs;

8. For such other relief as the court deems just and proper.

Respectfully submitted,

Dated this 29th day of March, 2012.

_____
Steven Matza, in proper person
9948 Central Valley Ave., Las Vegas, NV 89149

**VERIFICATION**

Under penalties of perjury, I declare that I have read the foregoing and that the facts stated in it are true.

By: _____
STEVEN MATZA

## CERTIFICATE OF SERVICE

I hereby certify that on this 29th day of March, 2012, I mailed a true and correct copy of the foregoing **PLAINTIFF'S FIRST AMENDED COMPLAINT** with exhibit to counsel of record for Defendants, by placing same in the United States Mail, postage prepaid in Las Vegas, Nevada, properly addressed as follows:

Allison R. Schmidt, Esq.
AKERMAN SENTERFITT, LLP
400 South Fourth Street, Suite 450
Las Vegas, Nevada 89101

_/s/ Steven Matza_
Steven Matza, pro per
9948 Central Valley Ave.
Las Vegas, NV 89149