1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| STEVEN MATZA,<br><br>    Plaintiff,<br><br>v.<br><br>COUNTRYWIDE HOME LOANS,<br>INC., et al.,<br><br>    Defendants. | 2:09-CV-217 JCM (CWH) |

**ORDER**

Presently before the court is defendants Countrywide Home Loans, Inc. et. al.'s motion to dismiss complaint.  (Doc. #43).  *Pro se* plaintiff Steven Matza filed an opposition.  (Doc. #45).  Defendants then filed a reply.  (Doc. #46).

Plaintiff originally filed this case on February 3, 2009.  (Doc. #1).  The court dismissed the complaint on April 28, 2009.  (Doc. #17).  Plaintiff appealed the court's order to the Ninth Circuit.  (Doc. #19).

On June 21, 2011, the Ninth Circuit reversed and remanded.  (Doc. #24).  The Ninth Circuit held that the court erroneously dismissed plaintiff's TILA claim on timeliness grounds.  (Doc. #24).  The Ninth Circuit further found that the court abused its discretion by dismissing the complaint without granting leave to amend.  (Doc. #24).  Thus, the Ninth Circuit instructed this court, on remand, to "give Matza an opportunity to amend the complaint, including an opportunity to state an alternative theory for recovery."  (Doc. #24, internal citations and quotations omitted).

. . .

**James C. Mahan**
**U.S. District Judge**

The property at issue in this case is located at 9948 Central Valley Ave., Las Vegas, Nevada. (Doc. #1). Plaintiff purchased the property on June 2, 2005. (Doc. #43, Ex. A). At that time, plaintiff also executed a promissory note and a deed of trust. (Doc. #43, Ex. A). MERS substituted ReconTrust as trustee. (Doc. #43, Ex. B). ReconTrust then recorded a notice of default. (Doc. #43, Ex. C). Finally, ReconTrust recorded a notice of trustee's sale on November 5, 2008. (Doc. #43, Ex. D). The property was sold at a public auction on February 2, 2009, and the trustee's deed upon sale was recorded on February 11, 2009. (Doc. #43, Ex. G).

Plaintiff filed his first amended complaint on March 29, 2012. (Doc. #42). The first amended complaint includes six claims for relief: (1) failure to comply with the Truth in Lending Act ("TILA"), (2) breach of the implied covenant of good faith and fair dealing, (3) fraudulent misrepresentation and conspiracy, (4) negligence per se, (5) wrongful foreclosure, and (6) quiet title. (Doc. #42). Defendants now assert that plaintiff has failed to cure the deficiencies in his previous complaint and move to dismiss the first amended complaint for failure to state a claim upon which relief can be granted. (Doc. #43).

**Legal Standard**

A complaint must include a "short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). The statement of the claim is intended to "give the defendant fair notice of what the claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal citations omitted). Pursuant to Federal Rule of Civil Procedure 12(b)(6), courts may dismiss causes of action that "fail[] to state a claim upon which relief can be granted."

The court must "accept all factual allegations in the complaint as true." *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007). Further, the court must draw all reasonable inferences in plaintiff's favor. *Twombly*, 550 U.S. at 547. However, "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter . . . to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009) (internal citations omitted). Although "not akin to a 'probability requirement,'" the plausibility standard asks for more than a

**James C. Mahan**
**U.S. District Judge**

- 2 -

1   sheer possibility that a defendant has acted unlawfully. *Id.* "Where a complaint pleads facts that are

2   'merely consistent' with a defendant's liability, it 'stops short of the line between possibility and

3   plausibility of entitlement to relief.'" *Id.*

4   **I. Failure to comply with TILA, 15 U.S.C. § 1640 et. seq.**

5       Plaintiff's first claim for violations of TILA 15 U.S.C. § 1641(f)(2) is asserted only against

6   defendant Countrywide. (Doc. #42). Plaintiff alleges that he sent two requests to Countrywide, and

7   Countrywide never responded to plaintiff's requests for information. (Doc. #42). Defendants move

8   to dismiss this claim, arguing that liability under TILA does not extend to Countrywide in the instant

9   case. (Doc. #43).

10       Pursuant to 15 U.S.C. § 1641(f)(2), "[u]pon written request by the obligor, the servicer shall

11   provide the obligor, to the best knowledge of the servicer, with the name, address, and telephone

12   number of the owner of the obligation or the master servicer of the obligation." TILA establishes

13   a private right of action against creditors and assignees for violations of 15 U.S.C. § 1641(f)(2). *See*

14   *Consumer Solutions REO, LLC v. Hillery*, 2010 WL 14988, at *3 (N.D. Cal. 2010) (finding "TILA

15   allows for a suit against a creditor or an assignee but not a servicer except under narrow

16   circumstances"); *Fullmer v. JP Morgan Chase Bank, NA*, 2010 WL 95206, at *9 (E.D. Cal. 2010)

17   (holding that TILA "establishes a private of action and provides for statutory damages for violations

18   of TILA only against the creditor (the owner of the obligation) and assignees"). Under 15 U.S.C.

19   § 1641(a), an assignee may be liable "if the violation . . . is apparent on the face of the disclosure

20   statement . . . ."

21       Here, the complaint alleges that Countrywide purchased the loan in this case. (Doc. #42).

22   Thus, defendants acknowledge that Countrywide "qualifies at most as an assignee, subject to the

23   limited liability outlined in § 1641(a)." (Doc. #43).

24       Plaintiff alleges that he sent requests for information to Countrywide, and Countrywide failed

25   to respond. (Doc. #42). Defendants further acknowledge that Countrywide may qualify as an

26   assignee under the allegations in the complaint. (Doc. #43). Accepting all factual allegations in the

27   complaint as true, *Tellabs, Inc.*, 551 U.S. at 322, and interpreting *pro se* pleadings liberally, *Eldridge*

28

James C. Mahan
U.S. District Judge

1   *v. Block*, 832 F.2d 1132, 1137 (9th Cir. 1987), the court finds that the complaint contains sufficient

2   factual matter to state a claim to relief that is plausible on its face. *See Iqbal*, 129 S.Ct. at 1949.

3   Accordingly, the court is not inclined to dismiss plaintiff's claim for TILA violations at this stage

4   of the proceedings.

5   **II. Breach of the implied covenant of good faith and fair dealing**

6        To state a claim of breach of the covenant of good faith and fair dealing, plaintiff must allege:

7   (1) plaintiff and defendants were parties to an agreement; (2) defendants owed a duty of good faith

8   to the plaintiff; (3) defendant breached that duty by performing in a manner that was unfaithful to

9   the purpose of the contract; and (4) plaintiff's justified expectations were denied. *Perry v. Jordan*,

10  900 F.2d 335, 338 (Nev. 1995). In Nevada, an implied covenant of good faith and fair dealing exists

11  in every contract, *Consolidated Generator-Nevada, Inc. v. Cummins Engine Co., Inc.*, 971 P.2d

12  1251, 1256 (Nev. 1998), and a plaintiff may assert a claim for breach of the covenant if the defendant

13  deliberately contravenes the intention and spirit of the agreement. *Morris v. Bank Am. Nev.*, 886

14  P.2d 454 (Nev. 1994). It "is well-settled that lenders and servicers owe no fiduciary duties to

15  mortgage borrowers." *Orton v. First Horizon Nat. Corp.*, 2012 WL 1985294, at *7 (D. Nev. 2012).

16       This claim is alleged only against defendant Countrywide. (Doc. #42). Plaintiff does not

17  allege any facts indicating that Countrywide was "unfaithful to the purpose of the contract." *See*

18  *Hilton Hotels Corp. v. Butch Lewis Productions, Inc.*, 808 P.2d 919, 923 (Nev. 1991). Instead, the

19  complaint broadly asserts that "Countrywide did not have the right to interfere with plaintiff's

20  attempts to renegotiate the terms of his mortgage, and by refusing to provide him with the loan

21  owner's contact information upon his request." (Doc. #42). These factual allegations are

22  insufficient to establish that Countrywide acted in a manner unfaithful to the purpose of the contract.

23  *See Hilton Hotels*, 808 P.2d at 923. Accordingly, plaintiff's claim for breach of the implied covenant

24  of good faith and fair dealing fails.

25  **III. Fraudulent misrepresentation and conspiracy**

26       A claim for fraudulent misrepresentation requires the following elements: (1) a false

27  representation made by the defendant, (2) defendant's knowledge or belief that its representation was

28

**James C. Mahan**
**U.S. District Judge**

1    false or that defendant has an insufficient basis of information for making the representation, (3)

2    defendant intended to induce plaintiff to act or refrain from acting upon the misrepresentation, and

3    (4) damage to the plaintiff as a result of the misrepresentation. *Barmettler v. Reno Air, Inc.*, 114

4    Nev. 441, 446-47 (1998). A claim for fraud or misrepresentation must be pled with particularity

5    under Federal Rule of Civil Procedure 9(b). *Yourish v. Cal. Amplifier*, 191 F.3d 983, 993 (9th Cir.

6    1999). To meet this standard, plaintiff must present details regarding the "time, place, and manner

7    of each act of fraud, plus the role of each defendant in each scheme." *Lancaster Com. Hosp. v.*

8    *Antelope Valley Hosp. Dist.*, 940 F.2d 397, 405 (9th Cir. 1991).

9           The factual allegations in the complaint fail to identify the allegedly false statements plaintiff

10   relied on to his detriment and the damages that stemmed from any allegedly false statements. (Doc.

11   #42). The complaint does not assert that the notice of default was fraudulent or that plaintiff was

12   current on his loan. Instead, the complaint notes that the notice of default and election to sell was

13   executed by Gary Trafford, who has been charged with various fraud allegations in Clark County.

14   Further, the complaint poses rhetorical questions about the regularity of some of the recorded

15   documents regarding this property. (Doc. #42). These allegations are not pled with particularity

16   and/or tied to the particular facts of this case. Accordingly, the complaint fails to allege the "who,

17   what, when, where, and how" of the misconduct charged, and this claim must be dismissed. *Vess*

18   *v. Ciba-Geigy Corp. USA*, 317 F.3d 1097, 1106 (9th Cir. 2003) (quoting *Cooper v. Pickett*, 137 F.3d

19   616, 627 (9th Cir. 1997)).

20          The complaint further includes an allegation of conspiracy with the claim for fraudulent

21   misrepresentation. (Doc. #42). "An actionable civil conspiracy is a combination of two or more

22   persons who, by some concerted action, intend to accomplish some unlawful objective for the

23   purpose of harming another which results in damage." *Collins v. Union Fed. Sav. & Loan Ass'n*,

24   662 P.2d 610, 623 (Nev. 1983). To assert a valid claim for civil conspiracy, plaintiffs must identify

25   the required "unlawful objective." *Morris v. Bank of America Nevada*, 886 P.2d 454, 456 n.1 (Nev.

26   1994). Further, the cause of action must be pled with specificity as to "the manner in which a

27   defendant joined in the conspiracy and how he participated in it." *Arroyo v. Wheat*, 591 F. Supp.

28

**James C. Mahan**
**U.S. District Judge**

- 5 -

1   141, 144 (D. Nev. 1984).

2           Again, plaintiff has failed to plead the "who, what, when, where, and how" of the misconduct

3   charged. *Vess*, 317 F.3d at 1106.  Indeed, the only allegation of conspiracy in the complaint is in the

4   title of plaintiff's third cause of action.  (*See* Doc. #42).  This is insufficient to state a claim that is

5   plausible on its face, and this claim must be dismissed.  *See Iqbal*, 129 S.Ct. at 1949.

6   **IV.  Negligence per se**

7           In order to establish a claim for negligence per se, a plaintiff must show: (1) that the plaintiff

8   belongs to a class of persons that a statute was intended to protect, (2) defendants violated the statute,

9   (3) the violation was the cause of plaintiff's injuries, (4) plaintiff's injuries were the type which the

10  statute was designed and intended to protect, and (5) damages. *See Anderson v. Baltrusaitis*, 113

11  Nev. 963, 965 (1997).

12          Here, plaintiff fails to allege which specific sections of TILA and the Real Estate Settlement

13  Procedures Act ("RESPA") defendants have supposedly violated.  (Doc. #42).  The only specific

14  section that plaintiff identifies is RESPA, 26 U.S.C. § 2605.  (Doc. #42).  However, plaintiff has not

15  alleged facts demonstrating that actual damages flowed from any alleged violation of RESPA.

16  "Alleging a breach of RESPA duties alone does not state a claim under RESPA."  *Moon v.*

17  *Countrywide Home Loans, Inc.*, 2010 WL 522753, at *5 (D. Nev. 2010) (internal quotations

18  omitted).

19          Additionally, 26 U.S.C. § 2605 is subject to a three-year statute of limitations, and the loan

20  origination in this case occurred more than three years before plaintiff filed the instant lawsuit. *See*

21  *Wong v. Citi Home Loans Servicing LP*, 2012 WL 1900947, at *3 (D. Nev. 2012) (stating that §

22  2605 has a three-year statute of limitations and finding that plaintiff's claim was barred because

23  plaintiff's RESPA claims arose out of the origination of the loan transaction, which occurred more

24  than three years prior to the filing of the lawsuit).  Further, plaintiff has not shown how he falls

25  within the identified class of persons that these statutes protect.  Accordingly, plaintiff has failed to

26  plead a valid claim for negligence per se.

27  . . .

28

**James C. Mahan**
**U.S. District Judge**                                                    - 6 -

**V. Wrongful foreclosure**

"An action for the tort of wrongful foreclosure will lie if the trustor or mortgagor can establish that at the time . . . the foreclosure occurred, no breach of condition or failure of performance existed . . . ." *Collins v. Union Fed. Sav. & Loan Ass'n*, 662 P.2d 610, 623 (Nev. 1983). Thus, the material inquiry in a wrongful foreclosure action "is whether the trustor was in default when the power of sale was exercised." *Id.*

Plaintiff has not pleaded that he was not in default when the foreclosure happened. (Doc. #42). Thus, plaintiff's wrongful foreclosure claim fails as a matter of law. *Collins*, 662 P.2d at 623.

**VI. Quiet title**

"In a quiet title action, the burden of proof rests with the plaintiff to prove good title in himself." *Breliant v. Preferred Equities Corp.*, 112 Nev. 663 (Nev. 1996). An action for quiet title should be dismissed where plaintiff's claim "is not based on a cognizable legal theory." *Elias v. HomeEQ Servicing*, 2009 WL 481270, at *2 (D. Nev. 2009).

Plaintiff's quiet title claim asserts that the foreclosure was wrongful and that the defendants did not have the authority to foreclose on the property. (Doc. #42). As discussed in this order, plaintiff's claims are "not based on a cognizable legal theory." *Elias v. HomeEQ Servicing*, 2009 WL 481270, at *2. The only claim in the complaint that survives the instant motion to dismiss is plaintiff's TILA claim against Countrywide, and the TILA claim does not impact defendants' authority to foreclose on the property. Therefore, dismissal of plaintiff's quiet title claim is appropriate.

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that defendants Countrywide Home Loans, Inc. et. al.'s motion to dismiss complaint (doc. #43) be, and the same hereby is, GRANTED in part and DENIED in part. Claims two through six are dismissed for failure to state a claim upon which relief can be granted.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that defendants Mortgage Electronic Registration Systems, Inc. and ReconTrust Company be dismissed from this case, as the

James C. Mahan
U.S. District Judge

1 | only remaining claim was brought against only defendant Countrywide Home Loans, Inc.

2 |       DATED June 26, 2012.

3

4 |                                                 **UNITED STATES DISTRICT JUDGE**